# EXHIBIT "A"

DOCKET NO.: 2019-SU-001328

**MCDONALD AT LAW**                                        **ATTORNEY FOR PLAINTIFFS**
BY: Michael P. McDonald, Esquire
I.D. No. 43647
2150 Noll Drive, Suite 300
Lancaster, PA 17603
(717) 431-3093

## IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA
## CIVIL ACTION – LAW

| | | |
|---|---|---|
| FRANK HANDEL<br>        Plaintiff,<br><br>    vs.<br><br>CHICAGO BRIDGE AND IRON<br>CORPORATION, MCDERMOTT<br>INTERNATIONAL, INC., CALPINE<br>CORPORATION, CALPINE MID-ATLANTIC<br>OPERATING, LLC., CALPINE MID MERIT,<br>LLC. and BATTAGLIA ELECTRIC, INC.<br>        Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | DOCKET NO.: 2019-SU-001328<br>YORK COUNTY, PA |

| **NOTICE** | **A D V I S O** |
|---|---|
| You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff(s).  You may lose money or property or other rights that are important to you.<br><br>    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU | USTED HA SIDO DEMANDADO/A CORTE.  Si usted quiere defenderse de estas demandas expuestas en las paginas sugnuientes, usted tiene viente (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Usted debe presentar una apariencia escrita o en persona o por abogado y archivar en la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede entrar una orden contra usted sin previo aviso o notificacion y por cualquier queja o alivio que es pedido en la peticion de demanda.  Usted puede perder dinero o sus propiedades o otros derechos importantes para usted.<br><br>    USTED DEBE LLEVAR ESTE |

DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service
York County Bar Association (Attorney Connection)
137 E. Market St.
York, Pennsylvania 17401
717-854-8755

DOCUMENTO A SU ABOGADO INMEDIATAMENTE.  SI USTED NO TIENE UN ABOGADO, LLAME O VAYA A LA SIGUIENTE OFICINA ESTA OFICIN PUEDE PROVEERLE INFORMACION A CERCA DE COMO CONSEGUIR UN ABOGADO.

SI USTED NO PUEDE PAGAR POR LOS SERVICIOS DE UN ABOGADO, ES POSIBLE QUE ESTA OFICINA LE PUEDA PROVEER INFORMACION SOBRE AGENCIAS QUE OFREZCAN SERVICIOS LEGALES SIN CARGO O BAJO COSTO A PERSONAS QUE CUALIFICAN.

Lawyer Referral Service
York County Bar Association (Attorney Connection)
137 E. Market St.
York, Pennsylvania 17401
717-854-8755

**MCDONALD AT LAW**

Date: _8 - 9 - 19_

By: _____
Michael P. McDonald, Esquire
Attorney I.D. #43647
2150 Noll Drive, Suite 300
Lancaster, PA 17603
(717) 431-3093
*Attorney for Plaintiffs*

**MCDONALD AT LAW**                                 **ATTORNEY FOR PLAINTIFFS**
BY: Michael P. McDonald, Esquire
I.D. No. 43647
2150 Noll Drive, Suite 300
Lancaster, PA 17603
(717) 431-3093

## IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA
## CIVIL ACTION – LAW

| | | |
|---|---|---|
| FRANK HANDEL | : | DOCKET NO.: 2019-SU-001328 |
|       Plaintiff, | : | YORK COUNTY, PA |
| | : | |
| vs. | : | |
| | : | |
| CHICAGO BRIDGE AND IRON | : | |
| CORPORATION, MCDERMOTT | : | |
| INTERNATIONAL, INC., CALPINE | : | |
| CORPORATION, CALPINE MID-ATLANTIC | : | |
| OPERATING, LLC, CALPINE MID MERIT, | : | |
| LLC and BATTAGLIA ELECTRIC, INC. | : | |
|       Defendants. | : | |

### COMPLAINT

Plaintiff, Frank Handel, by and through his attorney, Michael P. McDonald, Esquire,

MCDONALD AT LAW, do hereby file the instant Complaint upon the following cause:

### PARTIES

1.      Plaintiff, Frank Handel (hereinafter also referred to as "HANDEL" and/or "Plaintiff"),

is an adult individual and citizen of the Commonwealth of Pennsylvania with a current address of 455

Kirks Mill Road, Nottingham, PA 19362.

2.      Defendant, Chicago Bridge and Iron Corporation a/k/a Chicago Bridge and Iron

Company (hereinafter also referred to as "CHICAGO BRIDGE"), is a corporation incorporated in the

Netherlands with a registered address and/or principal place of business and/or usual place of business

and/or office at 1 CB&I Plaza, 2103 Research Forest Drive, The Woodlands, TX 77380.

1

3.      At all times material hereto, Defendant, CHICAGO BRIDGE, acted and/or failed to act

by and through its duly authorized agents, servants, workmen, employees and/or contractors, who were

acting within the course and scope of their employment(s) and/or authority(ies); said agency including,

but not limited to, actual, implied, apparent and/or ostensible agency; and by virtue of said agency, at

all times material, Defendant, CHICAGO BRIDGE, is also vicariously liable for said acts and/or

failures to act and breach of duty(ies) of said agents, servants, workmen, employees and/or contractors

as more fully set forth herein.

4.      Defendant, McDermott International, Inc. (hereinafter also referred to as

"MCDERMOTT"), is a corporation incorporated in Panama with a registered address and/or principal

place of business and/or usual place of business and/or office at 757 N. Eldridge Parkway, Houston,

TX 77079, and also is a successor in interest or otherwise liable for, the liabilities of Chicago Bridge

and Iron Corporation and/or Chicago Bridge and Iron Company. This action is brought against

Defendant, McDermott International, Inc., individually and as successor in interest to or otherwise

liable for, the liabilities of Chicago Bridge and Iron Corporation and Chicago Bridge and Iron

Company.

5.      At all times material hereto, Defendant, MCDERMOTT, individually and as successor

in interest to or otherwise liable for, the liabilities of Chicago Bridge and Iron Corporation and/or

Chicago Bridge and Iron Company, acted and/or failed to act by and through its duly authorized

agents, servants, workmen, employees and/or contractors, who were acting within the course and scope

of their employment(s) and/or authority(ies); said agency including, but not limited to, actual, implied,

apparent and/or ostensible agency; and by virtue of said agency, at all times material, Defendant,

MCDERMOTT, individually and as successor in interest to or otherwise liable for, the liabilities of

Chicago Bridge Iron Corporation and/or Chicago Bridge and Iron Company, is also vicariously liable

for said acts and/or failures to act and breach of duty(ies) of said agents, servants, workmen,

2

employees and/or contractors as more fully set forth herein.

6.      Defendant, Calpine Corporation (hereinafter also referred to as "CALPINE"), is a corporation incorporated in the state of Delaware with a registered address and/or principal place of business and/or usual place of business and/or office at 717 Texas St., Suite 1000, Houston, TX 77002.

7.      At all times material hereto, Defendant, CALPINE, acted and/or failed to act by and through its duly authorized agents, servants, workmen, employees and/or contractors, who were acting within the course and scope of their employment(s) and/or authority(ies); said agency including, but not limited to, actual, implied, apparent and/or ostensible agency; and by virtue of said agency, at all times material, Defendant, CALPINE, is also vicariously liable for said acts and/or failures to act and breach of duty(ies) of said agents, servants, workmen, employees and/or contractors as more fully set forth herein.

8.      Defendant, Calpine Mid-Atlantic Operating, LLC (hereinafter also referred to as "MID-ATLANTIC"), is a limited liability company created under the laws of the state of Delaware with a registered address and/or principal place of business and/or usual place of business and/or office at 251 Little Falls Drive, Wilmington, DE 19808.

9.      At all times material hereto, Defendant, MID-ATLANTIC, acted and/or failed to act by and through its duly authorized agents, servants, workmen, employees and/or contractors, who were acting within the course and scope of their employment(s) and/or authority(ies); said agency including, but not limited to, actual, implied, apparent and/or ostensible agency; and by virtue of said agency, at all times material, Defendant, MID-ATLANTIC, is also vicariously liable for said acts and/or failures to act and breach of duty(ies) of said agents, servants, workmen, employees and/or contractors as more fully set forth herein.

10.      Defendant, Calpine Mid Merit, LLC (hereinafter also referred to as "MID MERIT"), is a limited liability company created under the laws of the state of Delaware with a registered address

3

and/or principal place of business and/or usual place of business and/or office at 251 Little Falls Drive,

Wilmington, DE 19808.

11.     At all times material hereto, Defendant, MID MERIT, acted and/or failed to act by and

through its duly authorized agents, servants, workmen, employees and/or contractors, who were acting

within the course and scope of their employment(s) and/or authority(ies); said agency including, but

not limited to, actual, implied, apparent and/or ostensible agency; and by virtue of said agency, at all

times material, Defendant, MID MERIT, is also vicariously liable for said acts and/or failures to act

and breach of duty(ies) of said agents, servants, workmen, employees and/or contractors as more fully

set forth herein.

12.     Defendant, Battaglia Electric, Inc. (hereinafter also referred to as "BATTAGLIA"), is a

corporation incorporated in the state of Delaware with a registered address and/or principal place of

business and/or usual place of business and/or office at 11 Industrial Boulevard, New Castle, DE

19720.

13.     At all times material hereto, Defendant, BATTAGLIA, acted and/or failed to act by and

through its duly authorized agents, servants, workmen, employees and/or contractors, who were acting

within the course and scope of their employment(s) and/or authority(ies); said agency including, but

not limited to, actual, implied, apparent and/or ostensible agency; and by virtue of said agency, at all

times material, Defendant, BATTAGLIA, is also vicariously liable for said acts and/or failures to act

and breach of duty(ies) of said agents, servants, workmen, employees and/or contractors as more fully

set forth herein.

## PERSONAL JURISDICTION

14.     This Honorable Court has personal jurisdiction over each of the Defendants as, inter

alia, (1) this Court has specific jurisdiction over each of the Defendants as there is an affiliation

between the Commonwealth of Pennsylvania and this controversy, as the injuries, damages and losses

4

to Plaintiff, Frank Handel occurred in the Commonwealth of Pennsylvania, as a result of defective

conditions in the Commonwealth of Pennsylvania, caused by acts and failures to act of each of the

Defendants herein; all of which more fully set forth herein and/or (2) general jurisdiction pursuant to

42 Pa.C.S.A §5301(a)(2)(i),(ii) and (iii), and/or 42 Pa.C.S.A §5301(a)(3)(i),(ii) and (iii), as each of the

Defendants are qualified as foreign corporations or entities under the laws of the Commonwealth of

Pennsylvania and/or by consent, as each of the as Defendants are registered to do business in the

Commonwealth of Pennsylvania and/or (3) each of the Defendants carry on a continuous and

systematic part of their general business within the Commonwealth of Pennsylvania.

## VENUE

15.     Venue is vested in this Honorable Court as it is an action brought against Defendants in

the county where the Defendants regularly conduct business and/or the county in which the cause of

action arose and/or the county where a transaction or occurrence took place out of which the cause of

action arose.

## DEMAND FOR JURY TRIAL

16.     Plaintiffs demand a jury trial in this matter.

## INCIDENT

17.     As of May 17, 2017 and prior thereto, Plaintiff, HANDEL was employed by Teksolv,

Inc. as a safety manager working on a construction site being built as an energy plant located at 1055

Pikes Peak Rd, Delta, PA 17314.

18.     Defendants, CHICAGO BRIDGE and/or MCDERMOTT, individually and as successor

in interest to or otherwise liable for, the liabilities of Chicago Bridge and Iron Corporation and/or

Chicago Bridge and Iron Company, and/or CALPINE and/or MID-ATLANTIC and/or MID MERIT

and/or BATTAGLIA, owned and/or operated and/or managed and/or maintained and/or controlled

and/or supervised and/or inspected and/or possessed the construction site, including but not limited to

the land and all property making up the aforesaid construction site and of the construction site, located

at 1055 Pikes Peak Rd, Delta, PA 17314.

19.     On May 17, 2017, HANDEL was walking in and through a pump house on and of this

construction site (hereinafter referred to as "PREMISES"), as required of him in the course of his

employment, when he was caused to trip and fall and suffer serious injuries, damages and losses as a

result of a defective and unreasonably dangerous condition of the PREMISES, particularly

characterized by pieces of equipment, parts, cables and debris obstructing the aforesaid PREMISES;

all without sufficient illumination of the PREMISES.

20.     As of May 17, 2017, and prior thereto, Defendants, CHICAGO BRIDGE and/or

MCDERMOTT, individually and as successor in interest to or otherwise liable for, the liabilities of

Chicago Bridge and Iron Corporation and/or Chicago Bridge and Iron Company, and/or CALPINE

and/or MID-ATLANTIC and/or MID MERIT and/or BATTAGLIA, owned and/or operated and/or

managed and/or maintained and/or controlled and/or supervised and/or inspected and/or possessed the

PREMISES where HANDEL was caused to trip and fall and suffer serious injuries, damages, and

losses.

21.     As of May 17, 2017, and prior thereto, Defendants, CHICAGO BRIDGE and/or

MCDERMOTT, individually and as successor in interest to or otherwise liable for, the liabilities of

Chicago Bridge and Iron Corporation and/or Chicago Bridge and Iron Company, and/or CALPINE

and/or MID-ATLANTIC and/or MID MERIT and/or BATTAGLIA, owned and/or operated and/or

managed and/or maintained and/or controlled and/or supervised and/or inspected and/or possessed the

equipment, parts, cables and debris obstructing the aforesaid PREMISES.

22.     As of May 17, 2017, and prior thereto, Defendants, CHICAGO BRIDGE and/or

MCDERMOTT, individually and as successor in interest to or otherwise liable for, the liabilities of

Chicago Bridge and Iron Corporation and/or Chicago Bridge and Iron Company, and/or CALPINE

and/or MID-ATLANTIC and/or MID MERIT and/or BATTAGLIA, had the duty to Plaintiff provide

proper and safe illumination for the PREMISES but failed to do so.

23.     At all relevant times hereto, Defendants, CHICAGO BRIDGE and/or MCDERMOTT,

individually and as successor in interest to or otherwise liable for, the liabilities of Chicago Bridge and

Iron Corporation and/or Chicago Bridge and Iron Company, and/or CALPINE and/or MID-

ATLANTIC and/or MID MERIT and/or BATTAGLIA, had the duties to Plaintiff to use reasonable

care to make the aforesaid PREMISES safe and free from defective and unreasonable conditions;

duties Defendants breached by failure to exercise such reasonable care.

24.     At all relevant times hereto, Defendants, CHICAGO BRIDGE and/or MCDERMOTT,

individually and as successor in interest to or otherwise liable for, the liabilities of Chicago Bridge and

Iron Corporation and/or Chicago Bridge and Iron Company, and/or CALPINE and/or MID-

ATLANTIC and/or MID MERIT and/or BATTAGLIA, had the duties to Plaintiff to use reasonable

care in the maintenance of the PREMISES, to protect Plaintiff from danger presented by the

PREMISES and to inspect the PREMISES to discover any dangerous conditions; duties said

Defendants breached herein.

25.     At all times material hereto, Defendants, CHICAGO BRIDGE and/or MCDERMOTT,

individually and as successor in interest to or otherwise liable for, the liabilities of Chicago Bridge and

Iron Corporation and/or Chicago Bridge and Iron Company, and/or CALPINE and/or MID-

ATLANTIC and/or MID MERIT and/or BATTAGLIA, had the duties to use reasonable care to protect

Plaintiff against the dangers presented by the aforesaid defective and unreasonably dangerous

condition of the PREMISES and breached those duties by failure to provide such reasonable care.

26.     At all times material hereto, Defendants, CHICAGO BRIDGE and/or MCDERMOTT,

individually and as successor in interest to or otherwise liable for, the liabilities of Defendant, Chicago

Bridge and Iron Corporation and/or Chicago Bridge and Iron Company, and/or CALPINE and/or MID-

ATLANTIC and/or MID MERIT and/or BATTAGLIA, knew of and/or by using reasonable care could

have discovered and would have discovered, and/or had reason to know of and/or should have known

of, and/or constructively knew of, the aforesaid defective conditions of the aforesaid PREMISES and

the foreseeable and unreasonable risks of harm involved to Plaintiff, and could have made the

PREMISES safe.

27.     At all times relevant hereto, Defendants, CHICAGO BRIDGE and/or MCDERMOTT,

individually and as successor in interest to or otherwise liable for, the liabilities of Chicago Bridge and

Iron Corporation and/or Chicago Bridge and Iron Company, and/or CALPINE and/or MID-

ATLANTIC and/or MID MERIT and/or BATTAGLIA knew and/or should have expected and

foreseen that Plaintiff, HANDEL would be walking in and through the PREMISES and should have

expected that HANDEL would be placed in a position unable to protect himself against the aforesaid

dangerous and defective conditions of the aforesaid PREMISES.

28.     At all relevant times, Defendants, CHICAGO BRIDGE and/or MCDERMOTT,

individually and as successor in interest to or otherwise liable for, the liabilities of Chicago Bridge and

Iron Corporation and/or Chicago Bridge and Iron Company, and/or CALPINE and/or MID-

ATLANTIC and/or MID MERIT and/or BATTAGLIA, were required to exercise reasonable care to

make the defective and unreasonably dangerous condition of the aforesaid PREMISES safe, but failed

to do so.

29.     The aforesaid trip and fall of Plaintiff, HANDEL and his resulting injuries, damages

and losses, as more particularly set forth herein, were caused by the negligence, carelessness,

recklessness, as said forth more fully hereinafter, and breach of duties, as previously set forth herein

and additionally set forth hereinafter, of the Defendants, CHICAGO BRIDGE and/or MCDERMOTT,

individually and as successor in interest to or otherwise liable for, the liabilities of Chicago Bridge and

Iron Corporation and/or Chicago Bridge and Iron Company, and/or CALPINE and/or MID-

ATLANTIC and/or MID MERIT and/or BATTAGLIA.

30.    As a direct and proximate result of the aforesaid negligence, carelessness, recklessness and breach of duties of Defendants, CHICAGO BRIDGE and/or MCDERMOTT, individually and as successor in interest to or otherwise liable for, the liabilities of Chicago Bridge and Iron Corporation and/or Chicago Bridge and Iron Company, and/or CALPINE and/or MID-ATLANTIC and/or MID MERIT and/or BATTAGLIA, Plaintiff HANDEL has been caused to suffer injuries, damages, and losses, and aggravations of pre-existing conditions, some of which are permanent in nature, including but not limited to; injuries to his hips, pelvis, lumbar spine, right knee, aggravation of pre-existing asymptomatic conditions of right knee and both hips; headaches with photophobia; aggravation of pre-existing asymptomatic lumbar facet arthropathy; aggravation of pre-existing asymptomatic degenerative disc disease; sciatic nerve injury and/or aggravation; pleural effusion; sacroiliac joint injuries and damages; low back paraspinal injuries; injuries to the left shoulder; injuries to the neck and cervical spine, injuries through the lower extremity(ies); closed head injuries, traumatic brain injuries, concussion – the effects of which were exacerbated and/or complicated by a pre-existing asymptomatic schwannoma, and/or causing an asymptomatic schwannoma to become symptomatic when combined with said injuries; aggravation and/or activation of pre-existing asymptomatic schwannoma; vertigo; post-concussive syndrome; dizziness; visual disturbances; facial injuries; gait dysfunction or impairment, ataxic gait; and tinnitus, some of which directly caused and/or some of which a consequence or sequelae of the injuries caused, some of which necessitating surgical intervention, medical care, medications and additional and/or consequential injuries, damages and losses resulting therefrom and as sequelae thereof.

31.    As a direct and proximate result of the aforesaid negligence, carelessness, recklessness and breach of duties of the Defendants, CHICAGO BRIDGE and/or MCDERMOTT, individually and as successor in interest to or otherwise liable for, the liabilities of Chicago Bridge and Iron Corporation

and/or Chicago Bridge and Iron Company, and/or CALPINE and/or MID-ATLANTIC and/or MID

MERIT and/or BATTAGLIA, Plaintiff, HANDEL has been caused to suffer the following additional

damages:

a.     past, present and future pain and suffering;

b.     past, present and future emotional suffering;

c.     past, present and future loss and impairment of earnings, earnings benefits
       and earning capacity;

d.     past, present and future physical limitations and loss of use of the injured
       and damaged parts of his person;

e.     past, present and future loss of the ability to carry out his customary and/or
       avocational duties and activities;

f.     past, present and future medical expenses;

g.     past, present and future loss of the daily enjoyment of life and life's pleasures;

h.     past, present and future humiliation and embarrassment;

i.     gait disfigurement;

j.     additional injuries, damages and losses.

## COUNT I

### PLAINTIFF, FRANK HANDEL v. DEFENDANT, CALPINE CORPORATION, DEFENDANT, CALPINE MID-ATLANTIC OPERATING, LLC, and DEFENDANT CALPINE MID MERTIC, LLC

32.     Plaintiff, HANDEL incorporates Paragraphs 1 through 31 of this Complaint as though

the same were set forth herein.

33.     At all times relevant hereto, Defendants, CALPINE and MID-ATLANTIC and MID

MERIT were the owners and/or general contractors and/or project managers of the aforesaid

construction site, including but not limited to the land and all property making up the aforesaid

construction site and of said construction site, and were responsible of all aspects of the construction

project, including the hiring of contractors and sub-contractors and insuring that all construction work being performed by the same was in compliance with all safety standards.

34.     At all times relevant hereto, Defendants, CALPINE and MID-ATLANTIC and MID MERIT undertook the supervision of the construction project being performed, in connection with establish plans, recommendations, designs, procedures and specifications for the performance of said work.

35.     At all times relevant hereto, Defendants, CALPINE and MID-ATLANTIC and MID MERIT had the duty of inspection and supervision of the work and the duty to those engaged in said work, including Plaintiff, HANDEL - a business invitee, to provide a safe environment free from hazards within which to perform such work.

36.     At all times relevant hereto, Defendants, CALPINE and MID-ATLANTIC and MID MERIT had the authority to enforce safety regulations and ensure compliance with same for any acts of omission or commission relative to such safety concerns, involving any and all contractors/sub-contractors involved in said project.

37.     At all times relevant hereto, Defendants, CALPINE and MID-ATLANTIC and MID MERIT had a non-delegable duty to keep the aforesaid work site safe for those working on the construction site, including Plaintiff, by providing appropriate and adequate safety procedures.

38.     The negligence, carelessness, recklessness and breach of duties of Defendants, CALPINE and MID-ATLANTIC and MID MERIT, consisted of the following non-exclusive particulars; individually, and/or aggregately, and/or alternatively:

        a.     failure to use reasonable care under the circumstances;

        b.     failure to remove equipment, parts, cables and debris from the aforesaid PREMISES;

        c.     failure to properly and adequately maintain the aforesaid PREMISES under the circumstances;

11

d.    failure to adequately inspect the aforesaid PREMISES under the circumstances;

e.    failure to warn of the condition of the aforesaid PREMISES under the circumstances;

f.    failure to provide a safe passageway for business invitees, including, Plaintiff, HANDEL, under the circumstances;

g.    failure to reasonably provide for the safety of business invitees, including Plaintiff, HANDEL, under the circumstances;

h.    unreasonably requiring and/or limiting the Plaintiff, HANDEL to walk in and through the aforesaid PREMISES under the circumstances;

i.    failure to provide a reasonable means for HANDEL to walk in and through the PREMISES;

j.    failure to reasonably plan the working conditions in the area where Plaintiff, HANDEL was required to walk under the circumstances;

k.    failure to exercise reasonable foresight regarding the work being done in the PREMISES where Plaintiff, HANDEL was required to walk under the circumstances;

l.    failure to provide sufficient illumination of the aforesaid PREMISES;

m.    failure to provide a reasonable means for Plaintiff, HANDEL to access the area where he was walking under the circumstances;

n.    failure to comply the safety standards and policies and the health standards and policies maintained by said Defendants;

o.    failure to clear and/or remove equipment, parts, cables and debris from the PREMISES;

p.    failure to provide proper housekeeping of the PREMISES under the circumstances;

q.    failure to provide a reasonable means of ingress and egress;

r.    failure to provide a safe work area under the circumstances;

s.    failure to exercise responsible supervision of employees, contractors and/or sub-contractors;

t.    failure to reasonably plan and/or coordinate and/or carryout the work and/or

supervision of multiple groups and/or trades under the circumstances;

u.    failure to properly exercise supervision of the construction site, including the PREMISES, so as to ensure the safety of all of those working there, including the Plaintiff HANDEL;

v.    failure to provide and/or comply with the appropriate safety standards;

w.    failure to ensure and determine that all of those working at the site, including the PREMISES, had been trained in their proper safety techniques for their specific involvement in said project;

x.    failing to draft and/or enforce appropriate safety protocols for all aspects of said project including those at the PREMISES;

y.    failure to police and inspect the daily performance of employees, contractors/sub-contractors to ensure that appropriate safety protocols were being followed;

z.    failure to employ and/or ensure regular inspections of the job site, including the PREMISES, for the safety of employees and of all contractors and sub-contractors, including HANDEL;

aa.   failure to comply with OSHA requirements for safe walkways and passageways;

bb.   failing to provide safe walkways and passageways for those working on the construction site, including, Plaintiff HANDEL, under the circumstances;

cc.   violation of statutes, regulations and ordinances, including but not limited to:

    (i)    29 CFR 1926.20 – General safety and health provisions – providing working conditions that were unsanitary, hazardous, or dangerous to Plaintiff's health or safety;
    (ii)   29 CFR 1926.25 – Housekeeping – failing to keep passageways clear during the course of construction;
    (iii)  29 CFR 1926.26 – Illumination – failing to properly light construction areas where work was in progress;
    (iv)   29 CFR 1926.34 – Means of egress – failing to maintain means of egress free of obstructions or impediments;
    (v)    29 CFR 1926.416(b)(1), (2) – General requirements – failing to keep passageways, working spaces and walkways clear of cords;
    (vi)   43 P.S. § 25-2 – General safety and health requirements – failing to provide reasonable and adequate protection for Plaintiff's life, limb, health, safety and morals;
    (vii)  43 P.S. § 25-3 – Lighting, heating, ventilation, and sanitary facilities – failing to provide adequate lighting in Plaintiff's workplace;
    (viii) 34 Pa. Code § 27.11 – Lighting, general - failing to provide adequate

13

           lighting in Plaintiff's workplace; and

(ix)    34 Pa. Code § 50.22 – Means of egress- failing to provide
           unobstructed way of travel within Plaintiff's workplace;

dd.    negligence at law and negligence per se; and

ee.    such other acts and/or failures to act under the circumstances.

WHEREFORE, Plaintiff, Frank Handel demands judgment against Defendants, Calpine

Corporation and Calpine Mid-Atlantic Operating, LLC, and Calpine Mid Merit, LLC, jointly and/or

severally, and jointly and/or severally with the other Defendants herein in an amount in excess of Fifty

Thousand Dollars ($50,000.00) plus interest, costs, delay damages, and such other relief as this

Honorable Court may deem appropriate.

**COUNT II**

**PLAINTIFF. FRANK HANDEL v. DEFENDANT, CHICAGO BRIDGE AND IRON
CORPORATION**

39.    Plaintiff, HANDEL incorporates Paragraphs 1 through 38 of this Complaint as though

the same were set forth herein.

40.    At all times relevant hereto, Defendant, CHICAGO BRIDGE was the owner and/or

general contractor and/or project manager of the aforesaid construction site, including but not limited

to the land and all property making up the aforesaid construction site and of said construction site, and

was responsible of all aspects of the construction project, including the hiring of contractors and sub-

contractors and insuring that all construction work being performed by the same was in compliance

with all safety standards.

41.    At all times relevant hereto, Defendant, CHICAGO BRIDGE undertook the supervision

of the construction project being performed, in connection with establish plans, recommendations,

designs, procedures and specifications for the performance of said work.

42.    At all times relevant hereto, Defendant, CHICAGO BRIDGE had the duty of inspection

14

and supervision of the work and the duty to those engaged in said work, including Plaintiff, HANDEL

- a business invitee, to provide a safe environment free from hazards within which to perform such

work.

43.     At all times relevant hereto, Defendant, CHICAGO BRIDGE had the authority to

enforce safety regulations and ensure compliance with same for any acts of omission or commission

relative to such safety concerns, involving any and all contractors/sub-contractors involved in said

project.

44.     At all times relevant hereto, Defendant, CHICAGO BRIDGE had a non-delegable duty

to keep the aforesaid work site safe for those working on the construction site, including Plaintiff, by

providing appropriate and adequate safety procedures.

45.     The negligence, carelessness, recklessness and breach of duties of Defendant,

CHICAGO BRIDGE, consisted of the following non-exclusive particulars; individually, and/or

aggregately, and/or alternatively:

   a.      failure to use reasonable care under the circumstances;

   b.      failure to remove equipment, parts, cables and debris from the aforesaid
           PREMISES;

   c.      failure to properly and adequately maintain the aforesaid PREMISES under the
           circumstances;

   d.      failure to adequately inspect the aforesaid PREMISES under the circumstances;

   e.      failure to warn of the condition of the aforesaid PREMISES under the
           circumstances;

   f.      failure to provide a safe passageway for business invitees, including, Plaintiff,
           HANDEL, under the circumstances;

   g.      failure to reasonably provide for the safety of business invitees, including
           Plaintiff, HANDEL, under the circumstances;

   h.      unreasonably requiring and/or limiting the Plaintiff, HANDEL to walk in and
           through the aforesaid PREMISES under the circumstances;

15

ii.     failure to provide a reasonable means for HANDEL to walk in and through the PREMISES;

j.      failure to reasonably plan the working conditions in the area where Plaintiff, HANDEL was required to walk under the circumstances;

k.      failure to exercise reasonable foresight regarding the work being done in the PREMISES where Plaintiff, HANDEL was required to walk under the circumstances;

l.      failure to provide sufficient illumination of the aforesaid PREMISES;

m.      failure to provide a reasonable means for Plaintiff, HANDEL to access the area where he was walking under the circumstances;

n.      failure to comply the safety standards and policies and the health standards and policies maintained by said Defendants;

p.      failure to clear and/or remove equipment, parts, cables and debris from the PREMISES;

p.      failure to provide proper housekeeping of the PREMISES under the circumstances;

q.      failure to provide a reasonable means of ingress and egress;

r.      failure to provide a safe work area under the circumstances;

s.      failure to exercise responsible supervision of employees, contractors and/or sub-contractors;

t.      failure to reasonably plan and/or coordinate and/or carryout the work and/or supervision of multiple groups and/or trades under the circumstances;

u.      failure to properly exercise supervision of the construction site, including the PREMISES, so as to ensure the safety of all of those working there, including the Plaintiff HANDEL;

v.      failure to provide and/or comply with the appropriate safety standards;

w.      failure to ensure and determine that all of those working at the site, including the PREMISES, had been trained in their proper safety techniques for their specific involvement in said project;

x.      failing to draft and/or enforce appropriate safety protocols for all aspects of said project including those at the PREMISES;

16

y.      failure to police and inspect the daily performance of employees, contractors/sub-contractors to ensure that appropriate safety protocols were being followed;

z.      failure to employ and/or ensure regular inspections of the job site, including the PREMISES, for the safety of employees and of all contractors and sub-contractors, including HANDEL;

aa.     failure to comply with OSHA requirements for safe walkways and passageways;

bb.     failing to provide safe walkways and passageways for those working on the construction site, including, Plaintiff HANDEL, under the circumstances;

cc.     violation of statutes, regulations and ordinances, including but not limited to:

  (i)     29 CFR 1926.20 – General safety and health provisions – providing working conditions that were unsanitary, hazardous, or dangerous to Plaintiff's health or safety;
  (ii)    29 CFR 1926.25 – Housekeeping – failing to keep passageways clear during the course of construction;
  (iii)   29 CFR 1926.26 – Illumination – failing to properly light construction areas where work was in progress;
  (iv)    29 CFR 1926.34 – Means of egress – failing to maintain means of egress free of obstructions or impediments;
  (v)     29 CFR 1926.416(b)(1), (2) – General requirements – failing to keep passageways, working spaces and walkways clear of cords;
  (vi)    43 P.S. § 25-2 – General safety and health requirements – failing to provide reasonable and adequate protection for Plaintiff's life, limb, health, safety and morals;
  (vii)   43 P.S. § 25-3 – Lighting, heating, ventilation, and sanitary facilities – failing to provide adequate lighting in Plaintiff's workplace;
  (viii)  34 Pa. Code § 27.11 – Lighting, general - failing to provide adequate lighting in Plaintiff's workplace; and
  (ix)    34 Pa. Code § 50.22 – Means of egress- failing to provide unobstructed way of travel within Plaintiff's workplace;

dd.     negligence at law and negligence per se; and

ee.     such other acts and/or failures to act under the circumstances.

WHEREFORE, Plaintiff, Frank Handel demands judgment against Defendant, Chicago Bridge and Iron Corporation a/k/a Chicago Bridge and Iron Company, jointly and/or severally with the other Defendants herein in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus interest, costs,

delay damages, and such other relief as this Honorable Court may deem appropriate.

## COUNT III

## PLAINTIFF, FRANK HANDEL v. DEFENDANT, MCDERMOTT INTERNATIONAL, INC.

46.     Plaintiff, HANDEL incorporates Paragraphs 1 through 45 of this Complaint as though the same were set forth herein.

47.     At all times relevant hereto, Defendant, MCDERMOTT, individually and as successor in interest to or otherwise liable for, the liabilities of Chicago Bridge and Iron Corporation and/or Chicago Bridge and Iron Company, was the owner and/or general contractor and/or project manager of the aforesaid construction site, including but not limited to the land and all property making up the aforesaid construction site and of said construction site, and was responsible of all aspects of the construction project, including the hiring of contractors and sub-contractors and insuring that all construction work being performed by the same was in compliance with all safety standards.

48.     At all times relevant hereto, Defendant, MCDERMOTT, individually and as successor in interest to or otherwise liable for, the liabilities of Chicago Bridge and Iron Corporation and/or Chicago Bridge and Iron Company, undertook the supervision of the construction project being performed, in connection with establish plans, recommendations, designs, procedures and specifications for the performance of said work.

49.     At all times relevant hereto, Defendant, MCDERMOTT, individually and as successor in interest to or otherwise liable for, the liabilities of Chicago Bridge and Iron Corporation and/or Chicago Bridge and Iron Company, had the duty of inspection and supervision of the work and the duty to those engaged in said work, including Plaintiff, HANDEL - a business invitee, to provide a safe environment free from hazards within which to perform such work.

50.     At all times relevant hereto, Defendant, MCDERMOTT, individually and as successor in interest to or otherwise liable for, the liabilities of Chicago Bridge and Iron Corporation and/or

18

Chicago Bridge and Iron Company, had the authority to enforce safety regulations and ensure

compliance with same for any acts of omission or commission relative to such safety concerns,

involving any and all contractors/sub-contractors involved in said project.

51.     At all times relevant hereto, Defendant, MCDERMOTT, individually and as successor

in interest to or otherwise liable for, the liabilities of Chicago Bridge and Iron Corporation and/or

Chicago Bridge and Iron Company, had a non-delegable duty to keep the aforesaid work site safe for

those working on the construction site, including Plaintiff, by providing appropriate and adequate

safety procedures.

52.     The negligence, carelessness, recklessness and breach of duties of Defendant,

MCDERMOTT, individually and as successor in interest to or otherwise liable for, the liabilities of

Chicago Bridge and Iron Corporation and/or Chicago Bridge and Iron Company, consisted of the

following non-exclusive particulars; individually, and/or aggregately, and/or alternatively:

a.     failure to use reasonable care under the circumstances;

b.     failure to remove equipment, parts, cables and debris from the aforesaid PREMISES;

c.     failure to properly and adequately maintain the aforesaid PREMISES under the circumstances;

d.     failure to adequately inspect the aforesaid PREMISES under the circumstances;

e.     failure to warn of the condition of the aforesaid PREMISES under the circumstances;

f.     failure to provide a safe passageway for business invitees, including, Plaintiff, HANDEL, under the circumstances;

g.     failure to reasonably provide for the safety of business invitees, including Plaintiff, HANDEL, under the circumstances;

h.     unreasonably requiring and/or limiting the Plaintiff, HANDEL to walk in and through the aforesaid PREMISES under the circumstances;

iii.     failure to provide a reasonable means for HANDEL to walk in and through the

PREMISES;

j.   failure to reasonably plan the working conditions in the area where Plaintiff, HANDEL was required to walk under the circumstances;

k.   failure to exercise reasonable foresight regarding the work being done in the PREMISES where Plaintiff, HANDEL was required to walk under the circumstances;

l.   failure to provide sufficient illumination of the aforesaid PREMISES;

m.   failure to provide a reasonable means for Plaintiff, HANDEL to access the area where he was walking under the circumstances;

n.   failure to comply the safety standards and policies and the health standards and policies maintained by said Defendants;

q.   failure to clear and/or remove equipment, parts, cables and debris from the PREMISES;

p.   failure to provide proper housekeeping of the PREMISES under the circumstances;

q.   failure to provide a reasonable means of ingress and egress;

r.   failure to provide a safe work area under the circumstances;

s.   failure to exercise responsible supervision of employees, contractors and/or sub-contractors;

t.   failure to reasonably plan and/or coordinate and/or carryout the work and/or supervision of multiple groups and/or trades under the circumstances;

u.   failure to properly exercise supervision of the construction site, including the PREMISES, so as to ensure the safety of all of those working there, including the Plaintiff HANDEL;

v.   failure to provide and/or comply with the appropriate safety standards;

w.   failure to ensure and determine that all of those working at the site, including the PREMISES, had been trained in their proper safety techniques for their specific involvement in said project;

x.   failing to draft and/or enforce appropriate safety protocols for all aspects of said project including those at the PREMISES;

y.   failure to police and inspect the daily performance of employees,

contractors/sub-contractors to ensure that appropriate safety protocols were
being followed;

z.      failure to employ and/or ensure regular inspections of the job site, including the
PREMISES, for the safety of employees and of all contractors and sub-
contractors, including HANDEL;

aa.     failure to comply with OSHA requirements for safe walkways and passageways;

bb.     failing to provide safe walkways and passageways for those working on the
construction site, including, Plaintiff HANDEL, under the circumstances;

cc.     violation of statutes, regulations and ordinances, including but not limited to:

(i)     29 CFR 1926.20 – General safety and health provisions – providing
working conditions that were unsanitary, hazardous, or dangerous
to Plaintiff's health or safety;

(ii)    29 CFR 1926.25 – Housekeeping – failing to keep passageways clear
during the course of construction;

(iii)   29 CFR 1926.26 – Illumination – failing to properly light
construction areas where work was in progress;

(iv)    29 CFR 1926.34 – Means of egress – failing to maintain means of
egress free of obstructions or impediments;

(v)     29 CFR 1926.416(b)(1), (2) – General requirements – failing to keep
passageways, working spaces and walkways clear of cords;

(vi)    43 P.S. § 25-2 – General safety and health requirements – failing to
provide reasonable and adequate protection for Plaintiff's life, limb,
health, safety and morals;

(vii)   43 P.S. § 25-3 – Lighting, heating, ventilation, and sanitary facilities
– failing to provide adequate lighting in Plaintiff's workplace;

(viii)  34 Pa. Code § 27.11 – Lighting, general - failing to provide adequate
lighting in Plaintiff's workplace; and

(ix)    34 Pa. Code § 50.22 – Means of egress- failing to provide
unobstructed way of travel within Plaintiff's workplace;

dd.     negligence at law and negligence per se; and

ee.     such other acts and/or failures to act under the circumstances.

WHEREFORE, Plaintiff, Frank Handel demands judgment against Defendant, McDermott

International, Inc., individually and as successor in interest to or otherwise liable for, the liabilities of

Chicago Bridge and Iron Corporation and/or Chicago Bridge and Iron Company, jointly and/or

severally with the other Defendants herein in an amount in excess of Fifty Thousand Dollars

($50,000.00) plus interest, costs, delay damages, and such other relief as this Honorable Court may deem appropriate.

## COUNT IV

## PLAINTIFF, FRANK HANDEL v. DEFENDANT, BATTAGLIA ELECTRIC, INC.

53.     Plaintiff, HANDEL incorporates Paragraphs 1 through 52 of this Complaint as though the same were set forth herein.

54.     At all times relevant hereto, Defendant, BATTAGLIA was a sub-contractor working at the aforesaid PREMISES.

55.     At all times relevant hereto, Defendant, BATTAGLIA undertook the supervision of the work being performed at that location.

56.     At all times relevant hereto, Defendant, BATTAGLIA had the duty of inspection and supervision of the work being done at the PREMISES and the duty to those engaged in said work, including Plaintiff, HANDEL - a business invitee, to provide a safe environment free from hazards within which to perform such work.

57.     At all times relevant hereto, Defendant, BATTAGLIA had a non-delegable duty to keep the aforesaid PREMISES safe for those working on the construction site, including Plaintiff, by providing appropriate and adequate safety procedures.

58.     The negligence, carelessness, recklessness and breach of duties of Defendant, BATTAGLIA, consisted of the following non-exclusive particulars; individually, and/or aggregately, and/or alternatively:

    a.      failure to use reasonable care under the circumstances;

    b.      failure to remove equipment, parts, cables and debris from the aforesaid PREMISES;

    c.      failure to properly and adequately maintain the aforesaid PREMISES under the circumstances;

d.      failure to adequately inspect the aforesaid PREMISES under the circumstances;

e.      failure to warn of the condition of the aforesaid PREMISES under the circumstances;

f.      failure to provide a safe passageway for business invitees, including, Plaintiff, HANDEL, under the circumstances;

g.      failure to reasonably provide for the safety of business invitees, including Plaintiff, HANDEL, under the circumstances;

h.      unreasonably requiring and/or limiting the Plaintiff, HANDEL to walk in and through the aforesaid PREMISES under the circumstances;

i.      failure to provide a reasonable means for HANDEL to walk in and through the PREMISES;

j.      failure to reasonably plan the working conditions in the area where Plaintiff, HANDEL was required to walk under the circumstances;

k.      failure to exercise reasonable foresight regarding the work being done in the PREMISES where Plaintiff, HANDEL was required to walk under the circumstances;

l.      failure to provide sufficient illumination of the aforesaid PREMISES;

m.      failure to provide a reasonable means for Plaintiff, HANDEL to access the area where he was walking under the circumstances;

n.      failure to comply the safety standards and policies and the health standards and policies maintained by said Defendants;

r.      failure to clear and/or remove equipment, parts, cables and debris from the PREMISES;

p.      failure to provide proper housekeeping of the PREMISES under the circumstances;

q.      failure to provide a reasonable means of ingress and egress;

r.      failure to provide a safe work area under the circumstances;

s.      failure to exercise responsible supervision of employees, contractors and/or sub-contractors;

t.      failure to reasonably plan and/or coordinate and/or carryout the work and/or

23

supervision of multiple groups and/or trades under the circumstances;

u. failure to properly exercise supervision of the construction site, including the PREMISES, so as to ensure the safety of all of those working there, including the Plaintiff HANDEL;

v. failure to provide and/or comply with the appropriate safety standards;

w. failure to ensure and determine that all of those working at the site, including the PREMISES, had been trained in their proper safety techniques for their specific involvement in said project;

x. failing to draft and/or enforce appropriate safety protocols for all aspects of said project including those at the PREMISES;

y. failure to police and inspect the daily performance of employees, contractors/sub-contractors to ensure that appropriate safety protocols were being followed;

z. failure to employ and/or ensure regular inspections of the job site, including the PREMISES, for the safety of employees and of all contractors and sub-contractors, including HANDEL;

aa. failure to comply with OSHA requirements for safe walkways and passageways;

bb. failing to provide safe walkways and passageways for those working on the construction site, including, Plaintiff HANDEL, under the circumstances;

cc. violation of statutes, regulations and ordinances, including but not limited to:

 (i) 29 CFR 1926.20 – General safety and health provisions – providing working conditions that were unsanitary, hazardous, or dangerous to Plaintiff's health or safety;

 (ii) 29 CFR 1926.25 – Housekeeping – failing to keep passageways clear during the course of construction;

 (iii) 29 CFR 1926.26 – Illumination – failing to properly light construction areas where work was in progress;

 (iv) 29 CFR 1926.34 – Means of egress – failing to maintain means of egress free of obstructions or impediments;

 (v) 29 CFR 1926.416(b)(1), (2) – General requirements – failing to keep passageways, working spaces and walkways clear of cords;

 (vi) 43 P.S. § 25-2 – General safety and health requirements – failing to provide reasonable and adequate protection for Plaintiff's life, limb, health, safety and morals;

 (vii) 43 P.S. § 25-3 – Lighting, heating, ventilation, and sanitary facilities – failing to provide adequate lighting in Plaintiff's workplace;

 (viii) 34 Pa. Code § 27.11 – Lighting, general - failing to provide adequate

lighting in Plaintiff's workplace; and

(ix)   34 Pa. Code § 50.22 – Means of egress- failing to provide unobstructed way of travel within Plaintiff's workplace;

dd.   negligence at law and negligence per se; and

ee.   such other acts and/or failures to act under the circumstances.

WHEREFORE, Plaintiff, Frank Handel demands judgment against Defendant, Battaglia Electric, Inc. jointly and/or severally with the other Defendants herein in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus interest, costs, delay damages, and such other relief as this Honorable Court may deem appropriate.

RESPECTFULLY SUBMITTED

MCDONALD AT LAW

Date: 8 - 9 - 19

BY: _____

Michael P. McDonald, Esquire
Attorney for Plaintiffs
2150 Noll Drive, Suite 300
Lancaster, PA 17603
(717) 431-3093
Attorney I.D. #43647

## **VERIFICATION**

I, FRANK HANDEL, verify that I am the Plaintiff in the foregoing action and that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

This Verification is made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

DATE: _8/9/19_                     _____
                                           FRANK HANDEL

MCDONALD AT LAW                                    **ATTORNEY FOR PLAINTIFFS**
BY: **Michael P. McDonald, Esquire**
**I.D. No. 43647**
**2150 Noll Drive, Suite 300**
**Lancaster, PA 17603**
**(717) 431-3093**

## IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
## CIVIL ACTION – LAW

| | |
|---|---|
| FRANK HANDEL<br>          Plaintiff,<br><br>vs.<br><br>CHICAGO BRIDGE AND IRON<br>CORPORATION, MCDERMOTT<br>INTERNATIONAL, INC., CALPINE<br>CORPORATION, CALPINE MID-ATLANTIC<br>OPERATING, LLC., CALPINE MID MERIT,<br>LLC. and BATTAGLIA ELECTRIC, INC.<br>          Defendants. | DOCKET NO.: 2019-SU-001328<br>YORK COUNTY, PA |

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

                                        **RESPECTFULLY SUBMITTED,**
                                        **MCDONALD AT LAW**

Date: _8 - 9 - 19_                       By: _____
                                             Michael P. McDonald, Esquire
                                             Attorney I.D. #43647
                                             2150 Noll Drive, Suite 300
                                             Lancaster, PA 17603
                                             (717) 431-3093
                                             Attorneys for Plaintiffs

DOCKET NO.: 2019-SU-001328

**MCDONALD AT LAW**                                    **ATTORNEY FOR PLAINTIFFS**
BY: **Michael P. McDonald, Esquire**
**I.D. No. 43647**
**2150 Noll Drive, Suite 300**
**Lancaster, PA 17603**
**(717) 431-3093**

## IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
## CIVIL ACTION – LAW

| | |
|---|---|
| FRANK HANDEL | : DOCKET NO.: 2019-SU-001328 |
| Plaintiff, | : YORK COUNTY, PA |
| | : |
| vs. | : |
| | : |
| CHICAGO BRIDGE AND IRON | : |
| CORPORATION, MCDERMOTT | : |
| INTERNATIONAL, INC., CALPINE | : |
| CORPORATION, CALPINE MID-ATLANTIC | : |
| OPERATING, LLC., CALPINE MID MERIT, | : |
| LLC. and BATTAGLIA ELECTRIC, INC. | : |
| Defendants. | : |

### CERTIFICATE OF SERVICE

I, Michael P. McDonald, hereby certify that I have this day served a true and correct copy

of the foregoing Notice and Compliant upon the following person, via first class mail, postage

pre-paid, addressed as follows:

Daniel M. Brown, Esquire
William J. Ferren & Associates
PO Box 2903
Hartford, CT 06104-2903
*Attorneys for Defendants, Battaglia Electric, Inc.*

and

Robert D. MacMahon, Esquire
Weber Gallagher
200 Market St., Suite 1300
Philadelphia, PA 19103
*Attorneys for Defendants, Chicago Bridge and Iron Company*

McDermott International, Inc.
757 N. Eldridge Parkway
Houston, TX 77079
*Defendant*

Calpine Mid Merit, LLC
251 Little Falls Drive
Wilmington, DE 19808
*Defendant*

Calpine Mid-Atlantic Operating, LLC
251 Little Falls Drive
Wilmington, DE 19808
*Defendant*

Calpine Corporation
717 Texas St., Suite 1000
Houston, TX 77002
*Defendant*

**RESPECTFULLY SUBMITTED,
MCDONALD AT LAW**

Date: August 14, 2019

By: _____

Michael P. McDonald, Esquire
Attorney I.D. #43647
2150 Noll Drive, Suite 300
Lancaster, PA 17603
(717) 431-3093
Attorneys for Plaintiffs